891 F.2d 286
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William R. GREEVER, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 89-2672.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 24, 1989.
Decided: Nov. 22, 1989.
 
 Michael S. Arif, on brief, for petitioner.
 Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Michael J. Denney, Counsel for Appellate Litigation, Helen H. Cox, Attorney, U.S. Department of Labor, on brief, for respondent.
 Before HARRISON L. WINTER, DONALD RUSSELL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 William R. Greever, who worked in coal mine employment and who is concededly totally disabled, seeks review of an order of the Benefits Review Board affirming the decision of an administrative law judge denying black lung benefits. We deny review and affirm the Board's order.
 
 
 2
 The administrative law judge found that Greever did not establish the existence of pneumoconiosis by x-ray, autopsy or biopsy, 20 C.F.R. § 410.414(a) and (b), and that he was not entitled to the presumption provided by 20 C.F.R. § 410.414(b) because of the shortness of his history of coal mine employment. These findings are not challenged.
 
 
 3
 The administrative law judge also found that Greever had not established the existence of pneumoconiosis by medical opinion that his chronic pulmonary disease was "significantly related to, or substantially aggravated by" his exposure to dust in coal mine employment. See 20 C.F.R. §§ 718.204(a)(4), 718.201. In reaching this conclusion, the administrative law judge discredited the report of one physician who had expressed conflicting conclusions, and that of a second physician who relied on an inaccurate history of exposure to coal dust in formulating his opinion. Although Greever contends that it was error not to accept both opinions, we think that the administrative law judge acted properly in both instances.
 
 
 4
 Absent the evidence of causation which we hold was properly excluded, there was no evidence to link Greever's respiratory impairment and his coal mine employment. It follows that he failed to prove his case pursuant to the criteria of 20 C.F.R. § 718.202, and the denial of benefits was proper.
 
 
 5
 We dispense with oral argument because the case is fully presented in the briefs and involves no novel factual or legal issues rendering oral argument an aid in the decisional process.
 
 
 6
 PETITION TO REVIEW DENIED; ORDER AFFIRMED.